SARA E. MOORE, Plaintiff and Appellant, *v.* ULISES ROMÁN BORGES ET AL., Defendants and Appellees.

No. 6149. Argued December 13, 1933.—Decided May 31, 1934.

*Luis E. Dubón* and *B. Sánchez Castaño* for appellant. *A. Román Font* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Román Borges and his wife, Remedio Cruz Landráu, demurred to the complaint in an equitable foreclosure suit brought against them as mortgagors, and against their vendees and successors in interest, the present owners of the mortgaged property. The grounds of demurrer were: first, misjoinder of parties defendant; second, misjoinder of actions; and, third, want of facts sufficient to constitute a cause of action against the mortgagors. The district judge overruled the demurrer, as far as the second ground was concerned, but sustained it on the first and third grounds. Later he denied a motion for rehearing and dismissed the action.

In sustaining the demurrer for misjoinder of parties defendant and for want of facts sufficient to constitute a cause of action as to the mortgagors, and in denying the motion for rehearing, the district judge relied on *Malgor & Co.* v. *Clivillés & Co., Succrs.,* 42 P.R.R. 441. The doctrine of the *Malgor* case, as far as it tends to support these rulings, was abandoned in *Luyando* v. *Díaz, ante,* p. 668, and in *Fernández* v. *Luyando, ante,* p. 664.

In the instant case plaintiff alleged: a loan of $2,000 to Román Borges and his wife; an agreement to pay the same with interest at ten per cent; a default in payment; the execution of a mortgage to secure said payment and an additional sum of $150 as costs, disbursements and attorney's fees in the event of suit; and successive sales of different parts of the mortgaged property to the other defendants. The prayer was for a joint and several money judgment; for a sale of the mortgaged property; and for a writ of execution in the event of a deficit, to be levied on other properties of the defendants for the amount of such deficit.

It may be conceded that for want of any averment as to the existence of a personal obligation assumed by the present owners of the mortgaged property, plaintiff would not be entitled to a deficiency judgment against these defendants. The facts stated, however, would sustain a deficiency judgment against the mortgagors, Borges and his wife. *Fernández* v. *Luyando, supra,* is authority for the recovery of such a judgment in an ordinary foreclosure suit.

The judgment appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Aldrey, dissenting.

I dissent in this case for the same reasons stated in the dissenting opinion filed by me in appeal No. 5947, *Fernández* v. *Luyando, ante,* p. 664.